IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 96-20015-001 |
| ) | |
| DONALD EUGENE NELSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF THE GOVERNMENT'S RESPONSE
TO MOTION FOR DISCHARGE OF FINE AND RESTITUTION**

Now comes the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Elizabeth L. Collins, Assistant United States Attorney, and submits the following in support of the Government's Response to the Defendant's "Motion for Discharge of Fine and Restitution." (Doc. 94)

**I. Nelson's Motion**

1. Nelson requests a discharge of his fine and restitution because: (1) the PSI that states if he loses his auto shop and home there could be a change in the fine and restitution; (2) he has severe medical problems, medical bills and no job because of his medical condition; and (3) the restitution payee is not a victim.

**II. Background**

2. On May 24, 1996, the Defendant, Donald L. Nelson (Nelson) plead guilty to Distribution of Cocaine base.

3. On August 23, 1996, Nelson was sentenced to 130 months imprisonment, 5 years supervised release, and ordered to pay $50 Special Assessment, a $3,000 fine (payable in $60.00 monthly installments for 48 months commencing 30 days after judgment), and $2,700 restitution to the Illinois State Police Task Force ("paid in equal monthly installments of $60.00, with

payment due within 30 days of your release from imprisonment and each month thereafter until paid...in full during the first 48 months of supervision.") (Doc. 9, p. 5)

4. The judgment made payment of the unpaid fine and restitution a condition of Nelson's supervised release. (Doc. 9, p. 3)

5. Nelson filed a direct appeal, which was withdrawn on his motion. (Docs. 10 & 38)

6. On July 2, 1998, Nelson filed a 2255 petition which was denied, appealed and affirmed. See 98-CV-1203, Docs. 2, 8, 10 & 23

7. On August 9, 1999, Nelson filed a motion to reduce prison sentence for post-rehabilitative efforts, which was denied. (Docs. 51 & 52)

8. Nelson served his sentence of imprisonment and is now on supervised release in Mississippi.

9. Nelson paid his $50.00 Special Assessment and $595 to his fine. He has made one payment of $20 while on supervised release. See Account Summary attached as Exhibit A.

### III. Argument

#### A. Presentence Report

10. The language of the Presentence Investigation Report does not support Nelson's contention that this Court could change the amount of his fine and restitution.

11. According to the PSR, Nelson operated an auto and motorcycle repair shop and had equity in automobiles, real estate, and his business. PSR ¶¶ 76 & 79.

12. In addition, the PSR stated that Nelson has the ability to pay a fine within the guideline range and, although his net worth could be significantly reduced, even if the bank forecloses on his residence and business, he would appear to have ability to pay Illinois State Police Task Force X based on other reported assets. PSR ¶ 83.

B. **Medical Problems and Ability to Work**

13. According to Nelson's Probation Officer, Nelson is able to work. See Affidavit of Elizabeth Collins attached as Exhibit B.

14. Nelson's liability to pay his fine and restitution do not terminate until 20 years from his release from imprisonment. 18 U.S.C. § 3613(b)(f).

15. Even with some medical problems and a currently reduced income, Nelson should be able to pay $5,105 during the next 20 years.

C. **Restitution Victim**

16. This Court does not have jurisdiction to consider Nelson's claim that he was incorrectly ordered to pay restitution because the Task Force does not qualify as a victim.

17. The time to correct his sentence has passed. Rule 35(a) Fed.R.Crim.P. (7-day time period).

18. The time to appeal has passed and Nelson dismissed his appeal.

19. Nelson cannot wage a second collateral attack on his sentence without the prior consent of this Court. United States v. Canino, 212 F.3d 383, 384 (7th Cir. 2000).

20. The District Court lacks jurisdiction to modify conditions of supervised release on grounds of illegality. United States v. Nonathal, 338 F.3d 668, 671 n. 1 (7th Cir. 2003). (underlying conviction and sentence no longer subject to review); United States v. Lussier, 104 F.3d 32 (2nd Cir. 1997); United States v. Hatten, 167 F.3d 884 (5th Cir. 1999); United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

**D. Jurisdiction to Discharge Amount of Fine and Restitution**

21. Nelson does not cite any rule, statute, or case law that gives this Court jurisdictional authority to discharge the amount of his fine or restitution.

22. A criminal fine and an order of restitution are final judgments which may be modified only in limited circumstances. 18 U.S.C. § 3582(o) (fines), § 3664(o) (restitution).

23. By statute, only the government is given the authority to file a petition to remit a fine. 18 U.S.C. § 3573.

24. Former statute authorizing defendant to petition for remission was repealed. United States v. Linker, 920 F.2d 1, 2 (7th Cir. 1990).

25. The Seventh Circuit has not addressed the issue of whether the District Court may change, as a condition of supervised release, the amount of a restitution order or a fine.

26. However, the Ninth Circuit has determined that 18 U.S.C. § 3583(e)(2), which authorizes a court to modify, reduce or enlarge the conditions of supervised release, authorizes a court to change the amount of restitution. United States v. Miller, 205 F.3d 1098 (9th Cir. 1999). But see United States v. Sarvis, 102 F.Supp. 2d 514, 516 (D.Vermont 2000).

27. Nevertheless, Nelson's claims of poor health and current job status do not justify the modification of his conditions of supervised release to discharge his fine and restitution.

**E. Adjustment of Payment Schedule**

28. This Court can adjust the restitution and fine payment schedule.

29. Upon receipt of notification of a material change in the defendant's economic condition and notification to the victims, this Court may adjust the restitution payment schedule. 18 U.S.C. § 3664(K).

30. Likewise, this Court can adjust the payment schedule for a fine based on the defendant's economic circumstances. 18 U.S.C. § 3572(d)(3).

31. The payment schedule of $60 a month could be revised to $10 a month until Nelson is employed or self-employed, at which time he could either pay 25% of his net income.

                Respectfully submitted,
                RODGER A. HEATON
                United States Attorney

                s/ Elizabeth L. Collins
By:  _____
                Elizabeth L. Collins, IL Bar No. 487864
                Attorney for Plaintiff
                United States Attorney's Office
                318 South Sixth Street
                Springfield, IL  62701
                Telephone:  217/492-4450
                Fax:  217/492-4888
                email:  beth.collins@usdoj.gov

# CERTIFICATE OF SERVICE

    The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

                    Donald Eugene Nelson
                    2204 Attala Road 4124
                    Sallis, MS  39160

    December 6, 2005                           s/ Elizabeth L. Collins
Date:_____       _____