E-FILED
Wednesday, 21 December, 2005  10:28:24 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 96-20015 |
| ) | |
| DONALD EUGENE NELSON, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is before the Court on Defendant Donald Eugene Nelson's ("Nelson") Motion for Discharge of Fine and Restitution [#94]. For the reasons set forth below, Nelson Motion is DISMISSED for lack of jurisdiction.

### BACKGROUND

On May 24, 1996, Nelson pled guilty to distribution of cocaine base. On August 23, 1996, Nelson was sentenced to 130 months imprisonment, 5 years supervised release, and ordered to pay a $50 Special Assessment, a $3,000 fine (payable in $60.00 monthly installments for 48 months commencing 30 days after judgment), and $2,700 restitution to the Illinois State Police Task Force (paid in equal monthly installments of $60.00, with payment due within 30 days of release from imprisonment and each month thereafter until paid in full during the first 48 months of supervision). The Judgment entered against Nelson made payment of the unpaid fine and restitution a condition of Nelson's supervised release. Nelson served his sentence of imprisonment, was released from prison on August 23, 2005, and is now on supervised release in Mississippi. To date, Nelson has paid his

$50.00 Special Assessment and $595.00 towards his fine. He has made only one $20.00 payment of while on supervised release.

On November 14, 2005, Nelson filed the current Motion for Discharge of Fine and Restitution asking this Court to discharge his fine and restitution obligations. Nelson relies on the wording of his presentence report that he believes means that if he loses his auto shop and home, there could be a change in the fine and restitution. Nelson also argues that the Court should release him from his obligations because (1) he has severe medical problems resulting in substantial medical expenses, (2) he has no assets of his own and cannot work because of his medical problems, and (3) his restitution payments are to be paid to the Illinois State Police Task Force which is an entity and not an individual or victim who has been defrauded.

The Government filed a response to Nelson's motion arguing that (1) the presentence report states that even if the bank foreclosed on his residence and business, he would be able to pay the restitution amount, (2) Nelson is able to work and even with some medical problems and a reduced income, Nelson should be able to pay the remaining $5,105 within the required timeframe, (3) the time for Nelson to contest the fact that he was ordered to pay the task force rather than an individual has passed, and (4) this Court does not have jurisdiction to discharge Nelson's fine or restitution obligations. In addition, the Government recognizes that even though the Court does not have jurisdiction to discharge Nelson's obligations, the Court may adjust the restitution and fine payment schedule. *See* 18 U.S.C. § 3664(K); 18 U.S.C. § 3572(d)(3).

## DISCUSSION

As Nelson's obligations to pay a fine and his obligation to pay restitution are governed by different statutes, the Court will address each issue individually.

This Court does not have jurisdiction to discharge Nelson's obligation to pay his fine upon his motion. Title 18 U.S.C. § 3572(c) states:

> (c) Effect of finality of judgment.—Notwithstanding the fact that a sentence to pay a fine can subsequently be—
>
> (1) modified or remitted under section 3573;
>
> (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> (3) appealed and modified under section 3742;
>
> a judgment that includes such a sentence is a final judgment for all other purposes.

18 U.S.C. § 3572(c). As a result of this statute, this Court only has jurisdiction to discharge Nelson's fine in three very limited circumstances. As Nelson's claims do not involve Rule 35 or an appeal, subsections (2) and (3) do not apply in this case. Additionally, 18 U.S.C. § 3573 does not apply because § 3573 states, "upon petition of the Government", the Court may "remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties" 18 U.S.C. § 3573. Accordingly, this Court only has jurisdiction to modify a sentence imposing a fine pursuant to § 3573 upon the Government's motion. *See Unites States v. Linker,* 920 F.2d 1, 1 (7th Cir. 1990) (finding that § 3573 "applies strictly to the Government, and not to defendants"). In this case, Nelson, and not the Government, is the party asking this Court to modify his fine and therefore this Court lacks jurisdiction to do so.

Nelson also argues that this Court should discharge his obligation to pay restitution. The procedure for the issuance and enforcement of an order of restitution is governed by 18 U.S.C. § 3664. Specifically, 18 U.S.C. § 3664(o) states:

> (o) A sentence that imposes an order of restitution is a final judgement notwithstanding the fact that–

>   (1)   such a sentence can subsequently be–
>
>   >   (A)   corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>   >
>   >   (B)   appealed and modified under section 3742;
>   >
>   >   (C)   amended under subsection (d)(5); or
>   >
>   >   (D)   adjusted under section 3664(k), 3572, or 3613A; or
>
>   (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. §n 3664(o).  As stated previously, Nelson's case does not involve a motion pursuant to Rule 35, nor does it involve an appeal arising under § 3742.  Additionally, subsection (d)(5) does not apply because this is not a situation where the victim's losses were not ascertainable at the time of sentencing and the Court needed to retain jurisdiction for a limited time until a determination can be made.  According to this statute, the only possible relief that the Court can grant in this situation is to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require" based on Nelson's reported material change in circumstance after being released from prison. 18 U.S.C. § 3664(k).

In light of Nelson's claims of poverty, the Government acknowledges that the Court has the authority to adjust Nelson's payment schedule for both his outstanding fine and his restitution.  *See* 18 U.S.C. 3572(d)(3) (authorizing the Court to adjust a defendant's payment schedule for a fine); 18 U.S.C. § 3664(k) (restitution).  Accordingly, the Government suggested that if the Court found that Nelson's motion warranted a change in his obligation to pay restitution, the Court could lower Nelson's monthly payment from

$60.00 to $10.00 until Nelson is employed or self-employed, at which time he could pay 25% of his net income.  However, Nelson has not asked this Court to adjust his payment schedule, he has only asked this Court to discharge his obligations.  Additionally, the Court finds that Nelson has not proven that he is incapable of paying his monthly payments at this time.  Although he claims that is not capable of working because of his medical conditions, the record indicates that he is able to work, that according to his prison report, he was assigned to regular duty with the restrictions of no food service work and a pollution-free work area, and that his last monthly report indicated that he was self-employed working at home fixing cars.  Therefore, the Court does not believe that Nelson has shown that his monthly payments should be reduced at this time.

## CONCLUSION

For the reasons set forth above, Nelson's Motion for Discharge of Fine and Restitution [#94] are dismissed for lack of jurisdiction.  If Nelson wants the Court to consider an adjustment to the payment schedule, a motion requesting the adjustment should be filed and supported by an affidavit explaining why the adjustment should be made.

ENTERED this 21st day of December, 2005.

        s/Michael M. Mihm
        Michael M. Mihm
        United States District Judge