E-FILED
Wednesday, 26 March, 2008 02:13:34 PM
Clerk, U.S. District Court, ILCD

FILED

MAR 2 4 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION


UNITED STATES OF AMERICA,        )

      Plaintiff,        )

                    )

                    )

vs.        )        Case No. 96-CR-20015-MMM

                    )

                    )

DONALD E. NELSON,        )

      Defendant.        )


## DEFENDANT'S MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT
## PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)


COMES NOW, the defendant, Donald E. Nelson (To Be Known Hereinafter As Defendant Nelson or Nelson), pro se, hereby respectfully moves this Honorable Court in the interest and furtherance of justice, fundamental fairness and equal protection of the law, to file, review and grant his modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c)(2), and avers the following to this Court:



MAR 2 4 2008

U.S. ATTORNEY
URBANA, ILLINOIS

## BRIEF STATEMENT OF FACTS

The Grand Jury returned a one count indictment:  Count
I of the indictment charges that, on or about June 6, 1995,
in Champaign County, Illinois, in the Central District of Il-
linois, the Defendant, DONALD E. NELSON, a/k/a Sonny Nelson,
knowingly and intentionally distributed approximately 27.3
grams of a mixture or substance containing cocaine base ("crack"),
a Schedule II controlled substance, in violation of Title 21
U.S.C. § 841(a)(1).

On May 23, 1996, Nelson entered a guilty plea pursuant
to a written plea agreement to count I of the indictment for
distribution of cocaine base.  On August 23, 1996, this Court
sentenced Nelson to a term of 130 months imprisonment, a
$3,000.00 fine, and $2,700.00 in restitution, and a 5 year
term of supervised release under special conditions.

## DISCUSSION

Constitutionality of The Sentencing Reform Act of 1984
(The Mandatory Guidelines).  Defendant Nelson was charged,
convicted, sentenced and imprisoned under the Sentencing Guide-

-2-

lines scheme adopted by Congress and implemented by the United
States Sentencing Commission on November 1, 1987.  Many judges,
including various Supreme Court Justices, believed that the
Sentencing Guidelines were contrary to the requirements of the
United States Constitution.  Nevertheless, the Supreme Court,
in its wisdom, found that the guidelines pass constitutional
muster.  Mistretta vs. United States, 488 U.S. 361, 109 S.CT.
647, 102 L.Ed.2d 714 (1989).

Many defendants like Nelson were wrongly sentenced under
the mandatory guidelines scheme, and many defendants unlike
Nelson are still incarcerated under the mandatory guideline
sentences...  During the period of the guidelines' mandatory
life, 1987-2005, judges did their best to apply the law, as-
suming the constitutionality of the guidelines, and often
sentencing defendants to sentences that were inappropriate under
any law or theory of sentencing except the guidelines.  Dis-
trict judges, in other words, tried to follow the law, even
if it appeared to lead to injustice.

Now, under United States vs. Booker, 543 U.S. 220, 125
S.CT. 738, 160 L.Ed.2d 621 (2005), Apprendi vs. New Jersey,
%#) U.S. 466, 120 S.CT. 2348, 147 L.Ed.2d 435 (2000), and its
progeny, it is very clear that the guidelines sentencing scheme
was unconstitutional all along.  It follows that, Nelson, re-

-3-

cently released, has served an imposed sentence under an un-
constitutional sentencing scheme, would seek vacating his sen-
tence or some form of justice.  Yet, because of retroactivity
rules, defendants like Nelson has served unconstitutional sen-
tences are offered no relief, no remedy, and no justice.  Car-
rington vs. United States, 470 F.3d 920, 924 (9th Cir. 2006).
No doubt, "the validity of the judgment here is assailed on the
ground that the acts of Congress under which the indictment were
found are unconstitutional.  An unconstitutional law is void
and is as no law.  An offense created by it is not a crime.  A
conviction under it is not merely erroneous, but is illegal and
void ab initio, and cannot be a legal cause of imprisonment."
Fay vs. Noia, 372 U.S. 391, 83 S.CT. 822, 9 L.Ed.2d 837 (1963).

     Under Booker's explicit statement that, "as by now should
be clear, [a] mandatory system is no longer an open choice."
Booker, 543 U.S. at 263, 125 S.CT. 738; see also id. at 264,
125 S.CT. 738 (noting that district courts are "not bound to
apply the Guidelines").  In other words, Booker expressly re-
jected the idea that the Guidelines might be advisory in certain
contexts but not in others, and Congress has done nothing to
undermine this conclusion.  Because a "mandatory system is no
longer an open choice," id. at 263, 125 S.CT. 738, district

-4-

courts are necessarily endowed with the discretion to depart from the Guidelines... <u>Rita vs. United States</u>, 551 U.S. ___ (2007)(No. 06-5754), decided June 21st; <u>Kimbrough vs. United States</u>, U.S., No. 06-6330 (2007); <u>Gall vs. United States</u>, U.S., No. 06-7949 (2007).

The Supreme Court in Kimbrough and Gall decided December 10, 2007, indicated that its decision in <u>Booker</u>, 543 U.S. 220 (2005), countenances a greater degree of disparity in federal sentences than most circuit courts had believed. Moreover, in Kimbrough, the Court held that a district court is free to disagree with the United States Sentencing Guidelines' controversial 100:1 crack-to-powder ratio and to impose a below-guidelines sentence on that basis; and in Gall, the Court held that certain rules created by the courts of appeals for reviewing sentences did not give district courts enough latitude to impose sentences outside the ranges recommended by the advisory guidelines.

## CRACK COCAINE GUIDELINE AMENDMENT MADE RETROACTIVE

On April 27, 2007, the United States Sentencing Commission promulagted an amendment to U.S.S.G. § 2D1.1 to adjust the quantity thresholds for crack cocaine ("cocaine base") so that

the base offense level for cocaine base, as determined by the Drug Quantity Table, will be reduced by two levels.  The amendment results in the base offense level corresponding to a guideline range that includes the 5 year and 10 year mandatory minimum terms of imprisonment for 5 and 50 grams of crack cocaine, respectively.

The amendment became effective November 1, 2007, retroactively applied.

## STANDARD OF REVIEW

Section 3582(c)(2) reads, "The Court may modify a term of imprisonment once it has been imposed except that, (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."
18 U.S.C. § 3582(c)(2).

Section 1B1.10(a) and (b) reads, (a) "Where a defendant
is serving a term of imprisonment, and the guideline range
applicable to that defendant has subsequently been lowered
as a result of an amendment to the Guideline Manual... a re-
duction in the defendant's term of imprisonment is authorized
under 18 U.S.C. § 3582(c)(2)...;" (b) "In determining whether,
and to what extent, a reduction in the term of imprisonment
is warranted for a defendant eligible for consideration under
18 U.S.C. § 3582(c)(2), the Court should consider the term
of imprisonment that it would have imposed had the amendment(s)
to the guidelines... been in effect at the time the defendant
was sentenced, except that in no event may the reduced term
of imprisonment be less than the term of imprisonment the de-
fendant has already served."

18 U.S.S.G. § 1B1.10.


## ARGUMENT


In the instant case, Nelson was convicted of count I in
the indictment charging that he knowingly and intentionally
distributed approximately 27.3 grams of a mixture or substance
containing cocaine base ("crack") under 21 U.S.C. § 841(a)(1).

Consequently, he was sentenced to a term of 130 months impri-
sonment.  The guideline for violations of Title 21 U.S.C. §
841(a)(1) at the time of Nelson's sentencing was ultimately
found in Section 2D1.1(a)(3) of the guidelines manual which
refers to the Drug Quantity Table.  The Base Offense Level for
27.3 grams of cocaine base ("crack") is 29.  According to the
Sentencing Table (Chapter 5, Part A), the Criminal History
Category is VI.  Base upon a total offense level of 29 and a
criminal history category of VI, the guideline imprisonment
range is 151 to 188 months.

Defendant Nelson has effectively exhausted his direct
appeal and motion to vacate, set aside or correct sentence
under 28 U.S.C. § 2255.  Thus, in the ensuing years, Nelson
has persistently pursued unsuccessful efforts for post-con-
viction relief.  Yet, because of retroactivity rules, Nelson
was forced to serve a lengthy unconstitutional sentence with
no relief, remedy or justice forthcoming.

In light of the United States Sentencing Commission's
amendment to U.S.S.G. § 2D1.1, effective November 1, 2007,
over 11 years after Nelson's conviction and sentence, which
substantially reduced the base offense level and the mandatory
minimum term of imprisonment for "crack" cocaine guidelines,
thus, shortly thereafter, in an opinion by Justice Ruth Bader

Ginburg, the Supreme Court held that a below-guidelines sen-
tence based on a district judge's disagreement with the
policies behind the 100:1 ratio is not per se "unreasonable."
"[I]t would not be an abuse of discretion for a district court
to conclude when sentencing [or resentencing] a particular
defendant that the crack/powder disparity yields a sentence
'greater than necessary' to achieve § 3553(a)'s purposes, even
in a mine-run case." The ratio, like the rest of the guide-
lines, was rendered advisory by the decision in Booker. Kim-
brough vs. United States, U.S., No. 06-6330 (2007). The
Sentencing Commission expressly provided that this amendment
applies retroactively, U.S.S.G. § 1B1.10, p.s. (Nov.2007),
which gives sentencing courts the discretionary authority to
modify a sentence under 18 U.S.C. § 3582(c)(2).

To determine whether and to what extent a sentence re-
duction is warranted on the basis of an amendment designated
to apply retroactively, the Guidelines instruct the sentencing
court to consider what sentence it would have imposed had the
retroactive amendment been in effect at the time the defendant
was sentenced. In other words, a motion to modify a sentence
under section 3582(c)(2) as Nelson's, occasioned by a retro-
active amendment which alters a previous Guideline range,
requires a district court to make two distinct determinations.

-9-

First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. Second, having made the first determination, the district court must consider that determination together with the general sentencing considerations contained in section 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed.

A sentencing court abuses its discretion by not considering a relevant factor that should have been given significant weight. Sentencing courts also abuses its discretion by considering and giving significant weight to an improper factor or by considering all proper factors but making a clear error in judgment.

## CONCLUSION

Defendant Nelson is a layman untrained in the field of law and its process, thus rely on the protections afforded pro

se litigants by the United States Supreme Court's decision

in Haines vs. Kerner, 404 U.S. 519, 520-21, 92 S.CT. 594,

30 L.Ed.2d 652 (1972).  It is Nelson's fervent prayer and re-

quest, that this Court file, review and grant him modification

of his imposed supervised release instead of sentence in light

of his sentence has already been served, pursuant to the

Sentencing Commission's crack cocaine amendment which went into

effect on November 1, 2007, expressly made retroactive.

For this Court to show any insouciance to the Sentencing

Commission's desire and heart felt need of promulgating the

crack cocaine amendment to § 2D1.1, thus applied to the in-

stant case would be antithetical.  Further, for this Court

to decline to notice such the obvious need for the Sentencing

Commission's crack cocaine amendment would be an anathema and

constitute a serious abuse of discretion, thus producing a true

miscarriage of justice and fundamental fairness to Nelson.


WHEREFORE, the defendant, Donald E. Nelson, pro se,

hereby respectfully and very humbly pray that this Honorable

Court file, review and grant his motion seeking modification

of an imposed term of imprisonment pursuant to 18 U.S.C. §

3582(c)(2), SO PRAYED.

Please view defendant Nelson's motion for modification

of sentence/supervised release in light of <u>Haines vs. Kerner</u>,
404 U.S. 519 (1972).


                                    Respectfully Submitted,


                                    _Donald Eugen: Nelson_
                                    Defendant-Donald E. Nelson
                                    8008 Highway 14
                                    Sallis, MS  39160




DATED in Sallis, MS on this 17th day of _March_____, 2008.














-12-

## CERTIFICATE OF SERVICE

I, Donald E. Nelson, pro se, and the defendant herein,

hereby certify that a true, correct and concise copy of the

foregoing has been mailed, postage prepaid, on this ___19th___

day of ___March___, 2008, to:


Colin S. Bruce, A.U.S.A.
United States Attorney's Offense
Central District of Illinois
U.S. Courthouse, Suite 226
201 South Vine Street
Urbana, Illinois  61801


Defendant-Donald E. Nelson

-13-