IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 96-CR-20015-MMM |
| | ) | |
| | ) | FILED |
| DONALD E. NELSON, | ) | APR 07 2008 |
| Defendant. | ) | CLERK OF THE COURT<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS |

<u>DEFENDANT'S MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT
PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)</u>

COMES NOW, the defendant, Donald E. Nelson (To Be Known Hereinafter As Defendant Nelson or Nelson), pro se, hereby respectfully moves this Honorable Court in the interest and furtherance of justice, fundamental fairness and equal protection of the law, to file, review and grant his modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c)(2), and avers the following to this Court:

## BRIEF STATEMENT OF FACTS

The Grand Jury returned a one count indictment: Count I of the indictment charges that, on or about June 6, 1995, in Champaign County, Illinois, in the Central District of Illinois, the Defendant, DONALD E. NELSON, a/k/a Sonny Nelson, knowingly and intentionally distributed approximately 27.3 grams of a mixture or substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

On May 23, 1996, Nelson entered a guilty plea pursuant to a written plea agreement to count I of the indictment for distribution of cocaine base. On August 23, 1996, this Court sentenced Nelson to a term of 130 months imprisonment, a $3,000.00 fine, and $2,700.00 in restitution, and a 5 year term of supervised release under special conditions.

## DISCUSSION

Constitutionality of The Sentencing Reform Act of 1984 (The Mandatory Guidelines). Defendant Nelson was charged, convicted, sentenced and imprisoned under the Sentencing Guide-

lines scheme adopted by Congress and implemented by the United States Sentencing Commission on November 1, 1987. Many judges, including various Supreme Court Justices, believed that the Sentencing Guidelines were contrary to the requirements of the United States Constitution. Nevertheless, the Supreme Court, in its wisdom, found that the guidelines pass constitutional muster. <u>Mistretta vs. United States</u>, 488 U.S. 361, 109 S.CT. 647, 102 L.Ed.2d 714 (1989).

Many defendants like Nelson were wrongly sentenced under the mandatory guidelines scheme, and many defendants unlike Nelson are still incarcerated under the mandatory guideline sentences... During the period of the guidelines' mandatory life, 1987-2005, judges did their best to apply the law, assuming the constitutionality of the guidelines, and often sentencing defendants to sentences that were inappropriate under any law or theory of sentencing except the guidelines. District judges, in other words, tried to follow the law, even if it appeared to lead to injustice.

Now, under <u>United States vs. Booker</u>, 543 U.S. 220, 125 S.CT. 738, 160 L.Ed.2d 621 (2005), <u>Apprendi vs. New Jersey</u>, %#) U.S. 466, 120 S.CT. 2348, 147 L.Ed.2d 435 (2000), and its progeny, it is very clear that the guidelines sentencing scheme was unconstitutional all along. It follows that, Nelson, re-

cently released, has served an imposed sentence under an unconstitutional sentencing scheme, would seek vacating his sentence or some form of justice. Yet, because of retroactivity rules, defendants like Nelson has served unconstitutional sentences are offered no relief, no remedy, and no justice. <u>Carrington vs. United States</u>, 470 F.3d 920, 924 (9th Cir. 2006). No doubt, "the validity of the judgment here is assailed on the ground that the acts of Congress under which the indictment were found are unconstitutional. An unconstitutional law is void and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void ab initio, and cannot be a legal cause of imprisonment." <u>Fay vs. Noia</u>, 372 U.S. 391, 83 S.CT. 822, 9 L.Ed.2d 837 (1963).

Under Booker's explicit statement that, "as by now should be clear, [a] mandatory system is no longer an open choice." <u>Booker</u>, 543 U.S. at 263, 125 S.CT. 738; see also id. at 264, 125 S.CT. 738 (noting that district courts are "not bound to apply the Guidelines"). In other words, Booker expressly rejected the idea that the Guidelines might be advisory in certain contexts but not in others, and Congress has done nothing to undermine this conclusion. Because a "mandatory system is no longer an open choice," id. at 263, 125 S.CT. 738, district

courts are necessarily endowed with the discretion to depart from the Guidelines... <u>Rita vs. United States</u>, 551 U.S. ___ (2007)(No. 06-5754), decided June 21st; <u>Kimbrough vs. United States</u>, U.S., No. 06-6330 (2007); <u>Gall vs. United States</u>, U.S., No. 06-7949 (2007).

The Supreme Court in Kimbrough and Gall decided December 10, 2007, indicated that its decision in <u>Booker</u>, 543 U.S. 220 (2005), countenances a greater degree of disparity in federal sentences than most circuit courts had believed. Moreover, in Kimbrough, the Court held that a district court is free to disagree with the United States Sentencing Guidelines' controversial 100:1 crack-to-powder ratio and to impose a below-guidelines sentence on that basis; and in Gall, the Court held that certain rules created by the courts of appeals for reviewing sentences did not give district courts enough latitude to impose sentences outside the ranges recommended by the advisory guidelines.

## CRACK COCAINE GUIDELINE AMENDMENT MADE RETROACTIVE

On April 27, 2007, the United States Sentencing Commission promulagted an amendment to U.S.S.G. § 2D1.1 to adjust the quantity thresholds for crack cocaine ("cocaine base") so that

the base offense level for cocaine base, as determined by the Drug Quantity Table, will be reduced by two levels. The amendment results in the base offense level corresponding to a guideline range that includes the 5 year and 10 year mandatory minimum terms of imprisonment for 5 and 50 grams of crack cocaine, respectively.

The amendment became effective November 1, 2007, retroactively applied.

## STANDARD OF REVIEW

Section 3582(c)(2) reads, "The Court may modify a term of imprisonment once it has been imposed except that, (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."
18 U.S.C. § 3582(c)(2).

Section 1B1.10(a) and (b) reads, (a) "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual... a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)...;" (b) "In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the Court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines... been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."
18 U.S.S.G. § 1B1.10.

### ARGUMENT

In the instant case, Nelson was convicted of count I in the indictment charging that he knowingly and intentionally distributed approximately 27.3 grams of a mixture or substance containing cocaine base ("crack") under 21 U.S.C. § 841(a)(1).

Consequently, he was sentenced to a term of 130 months imprisonment. The guideline for violations of Title 21 U.S.C. § 841(a)(1) at the time of Nelson's sentencing was ultimately found in Section 2D1.1(a)(3) of the guidelines manual which refers to the Drug Quantity Table. The Base Offense Level for 27.3 grams of cocaine base ("crack") is <u>29</u>. According to the Sentencing Table (Chapter 5, Part A), the Criminal History Category is VI. Base upon a total offense level of 29 and a criminal history category of VI, the guideline imprisonment range is 151 to 188 months.

Defendant Nelson has effectively exhausted his direct appeal and motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Thus, in the ensuing years, Nelson has persistently pursued unsuccessful efforts for post-conviction relief. Yet, because of retroactivity rules, Nelson was forced to serve a lengthy unconstitutional sentence with no relief, remedy or justice forthcoming.

In light of the United States Sentencing Commission's amendment to U.S.S.G. § 2D1.1, effective November 1, 2007, over 11 years after Nelson's conviction and sentence, which substantially reduced the base offense level and the mandatory minimum term of imprisonment for "crack" cocaine guidelines, thus, shortly thereafter, in an opinion by Justice Ruth Bader

Ginburg, the Supreme Court held that a below-guidelines sentence based on a district judge's disagreement with the policies behind the 100:1 ratio is not per se "unreasonable." "[I]t would not be an abuse of discretion for a district court to conclude when sentencing [or resentencing] a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." The ratio, like the rest of the guidelines, was rendered advisory by the decision in Booker. <u>Kimbrough vs. United States</u>, U.S., No. 06-6330 (2007). The Sentencing Commission expressly provided that this amendment applies retroactively, U.S.S.G. § 1B1.10, p.s. (Nov.2007), which gives sentencing courts the discretionary authority to modify a sentence under 18 U.S.C. § 3582(c)(2).

To determine whether and to what extent a sentence reduction is warranted on the basis of an amendment designated to apply retroactively, the Guidelines instruct the sentencing court to consider what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced. In other words, a motion to modify a sentence under section 3582(c)(2) as Nelson's, occasioned by a retroactive amendment which alters a previous Guideline range, requires a district court to make two distinct determinations.

First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. Second, having made the first determination, the district court must consider that determination together with the general sentencing considerations contained in section 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed.

A sentencing court abuses its discretion by not considering a relevant factor that should have been given significant weight. Sentencing courts also abuses its discretion by considering and giving significant weight to an improper factor or by considering all proper factors but making a clear error in judgment.

## CONCLUSION

Defendant Nelson is a layman untrained in the field of law and its process, thus rely on the protections afforded pro

se litigants by the United States Supreme Court's decision in <u>Haines vs. Kerner</u>, 404 U.S. 519, 520-21, 92 S.CT. 594, 30 L.Ed.2d 652 (1972). It is Nelson's fervent prayer and request, that this Court file, review and grant him modification of his imposed supervised release instead of sentence in light of his sentence has already been served, pursuant to the Sentencing Commission's crack cocaine amendment which went into effect on November 1, 2007, expressly made retroactive.

For this Court to show any insouciance to the Sentencing Commission's desire and heart felt need of promulgating the crack cocaine amendment to § 2D1.1, thus applied to the instant case would be antithetical. Further, for this Court to decline to notice such the obvious need for the Sentencing Commission's crack cocaine amendment would be an anathema and constitute a serious abuse of discretion, thus producing a true miscarriage of justice and fundamental fairness to Nelson.

WHEREFORE, the defendant, Donald E. Nelson, pro se, hereby respectfully and very humbly pray that this Honorable Court file, review and grant his motion seeking modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), SO PRAYED.

Please view defendant Nelson's motion for modification

of sentence/supervised release in light of <u>Haines vs. Kerner</u>, 404 U.S. 519 (1972).

                                            Respectfully Submitted,

*Donald Eugene Nelson*
Defendant-Donald E. Nelson
8008 Highway 14
Sallis, MS  39160


DATED in Sallis, MS on this <u>19th</u> day of <u>March</u>, 2008.

CERTIFICATE OF SERVICE

I, Donald E. Nelson, pro se, and the defendant herein, hereby certify that a true, correct and concise copy of the foregoing has been mailed, postage prepaid, on this 19th day of March, 2008, to:

Colin S. Bruce, A.U.S.A.
United States Attorney's Offense
Central District of Illinois
U.S. Courthouse, Suite 226
201 South Vine Street
Urbana, Illinois  61801

*Donald Eugene Nelson*
Defendant-Donald E. Nelson

-13-